

**WINSTON & STRAWN LLP**
North America Europe Asia

35 W Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

MICHAEL P. ROCHE
Partner
(312) 558-7508
mroche@winston.com

January 17, 2018

RECEIVED JAN 18 2018

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-19-2018

**BY HAND**

Hon. Laura Taylor Swain
United States District Judge for
  the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 17C
New York, New York 10007-1312

**MEMO ENDORSED**

Re: *Marcos Lopez de Prado v. Guggenheim Partners, LLP, et al.*,
    Civil Action No. 18-CV-00058-LTS

Dear Judge Swain:

This letter is being submitted jointly by counsel for plaintiff and the Guggenheim defendants in support of their mutual request that the Court maintain the complaint in the above captioned matter under seal in light of the settlement reached by the parties and until such time that the sealed complaint is to be removed by counsel for plaintiff or disposed of by the clerk pursuant to Standing Order M-10-468 (D.J. Mukasey, 2001), enclosed herein as Exhibit 1.

On December 15, 2017, counsel for plaintiff submitted a letter to the Court requesting that plaintiff be allowed to file his complaint under seal, which the Court granted that day. Thereafter, on January 3, 2017, counsel for plaintiff filed the aforementioned complaint under seal. On January 8, 2017, the parties submitted a joint letter to the Court requesting that the Court maintain the aforementioned complaint under seal as the parties continue discussing settlement. Since that time, the parties have reached a confidential settlement agreement, executed on Monday, January 16, 2018. As a result of the confidential settlement, counsel for plaintiff filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) yesterday, Tuesday, January 16, 2018, enclosed herein as Exhibit 2.

Continued sealing in this matter is appropriate. Here, the parties have reached an amicable settlement before there has been any litigation or court proceedings. There has been no answer filed, no appearance by any counsel for any defendant, no briefing, no discovery and no hearings. In such cases, courts have remarked that "[t]he complaint . . . played only a negligible role in the [Court's] performance of Article III duties" and the Court "never adjudicated any aspect of the claims on the merits; its only action . . . was to enter a stipulated dismissal based on a settlement" *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013) (internal quotation and brackets omitted) and therefore continued sealing is appropriate. Additionally, the complaint contains sensitive and confidential business information, disclosure of which would be harmful to the parties. *Lugosch*

1

*v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006) (quoting *U.S. v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995)). Because the complaint does not reflect the exercise of Article III judicial power (and only asserts, as the parties now agree, unconfirmed allegations) the complaint should remain under seal.

For all these reasons, the parties respectfully request that the complaint be kept under seal until such time that the sealed complaint is to be removed by counsel for plaintiff or disposed of by the clerk pursuant to Standing Order M-10-468 (D.J. Mukasey, 2001).

Respectfully submitted,

Michael P. Roche
Attorney for Guggenheim defendants

Yoav M. Griver
Attorney for plaintiff Lopez de Prado

Enclosures

The request is granted, for the reasons set forth above.

SO ORDERED:

1/18/18
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE